## MICHAEL C. McLAIN

### *v.*

## WESTLEY WATKINS.

ATTORNEY AND CLIENT — *when relation ends — subsequent acts of attorney.*
An attorney employed to collect a debt, prosecuted suit, which resulted in a sale of land upon execution. After the time for redemption had expired, he received and paid redemption money to the plaintiff in execution, who before that time had transferred the certificate. *Held,* that the relation of attorney and client ended after the time for redemption expired, and that the attorney could do no act in the matter without new authority; *held,* also, that the attorney was liable to the defendant in execution for the money so received.

WRIT OF ERROR to the Circuit Court of Cumberland county; the Hon. CHARLES H. CONSTABLE, Judge, presiding.

The facts sufficiently appear in the opinion of the court.

Mr. John Scholfield, for the plaintiff in error.

Mr. H. B. Decius, for the defendant in error.

Mr. Justice Breese delivered the opinion of the Court:

This was an action of trespass on the case on promises brought to the Cumberland Circuit Court by Westley Watkins against Michael C. McLain. The declaration contained the common counts only, and the general issue was pleaded and cause tried by a jury. A verdict was found for the plaintiff for $153.40. A motion for a new trial was made and over-ruled, and exceptions taken and a judgment entered on the verdict, to reverse which this writ of error is prosecuted.

The facts are briefly these: Watkins' land had been sold on execution under a judgment in favor of one Monroe. Two or three days after the time for redemption had expired, Watkins offered to pay the redemption money to the clerk, Mr. Tossey. The clerk told him he was not authorized to receive it, and advised him to pay it over to Monroe's attorney, who lived at Charleston, but the clerk finally consented to receive the money, and did receive it, and sent it to the defendant, who sent the clerk this receipt, which he pasted in the record:

"Received of S. D. Tossey, clerk Circuit Court, Cumberland county, Illinois, $118, money collected on redemption of lands sold in case of *Monroe* v. *Watkins.*

"Charleston, Ill., *Sept. 29th*, 1860.

"M. C. McLain, *Attorney.*"

It was agreed by the parties to this suit, that, at the date of the receipt of the money by the defendant, McLain, Monroe had parted with his interest in the judgment, and that the money was not applied on the redemption of the land; that McLain paid the money to Monroe, as directed by Tossey when he sent it to him; that McLain afterward learned that the

money should have been paid to one Joshua Miller, who held the certificate of purchase. This was all the evidence.

The only question made by plaintiff in error is, was he liable on the facts proved? He contends he was not liable, — that he was acting as a mere agent in receiving the money and in paying it over according to the directions sent to him with the money.

We are not prepared to acquiesce in this view of the position of the plaintiff in error. It is not shown he was the attorney of Monroe, or had any concern with this money, yet he signs the receipt as attorney, but not of Monroe, and pays the money to a person he did not know was entitled to it, and who in fact was not entitled to it. This he did at his own risk. He should have known to a certainty, that the person to whom he paid it was the person entitled, a fact easily to be ascertained.

As the former attorney of Monroe, after the time of redemption had expired, and the land not redeemed, his power ceased as such, and he could do no act in the matter without new authority. The time of redemption having expired, new rights had accrued. He could receive the redemption money paid to the sheriff, as this court held in *Smyth et al.* v. *Harvie et al.*, 31 Ill. 62.

It is not in proof, or admitted, that the defendant in error desired or consented this money should be sent to the plaintiff in error. The import of the testimony is, that he deposited it with the clerk, to be paid to the party entitled to receive it as redemption money and would consent so to receive it. When sent to the plaintiff in error, he assumed the right to receive it without any authority in fact. We think his duty was, so soon as he received it, he should have ascertained if Monroe then had a right, and was willing, to receive the money as redemption money, and if he had not the right, by reason of his assignment, then to have returned it to the party from whom he received it.

The clerk may be in fault, but that plaintiff in error is, there seems to us no doubt. He has received defendant's money without authority, and paid it away to a person not entitled

to receive it, and he ought to respond to the defendant in error who has lost the money, and be content with his remedy against Monroe. The judgment must be affirmed.

*Judgment affirmed.*