WILLIAM CLARK v. JOHN McGREGOR.

*Justice's courts—Attorney or agent—Amendment of return of service after judgment—Certiorari.*

1. A party to a judgment in justice's court has no standing attorney or agent entitled to receive notice for him without being specially authorized.

2. Proceedings in justice's court, to amend the return of service of an attachment after judgment, were quashed on certiorari where notice thereof had not been duly served, and the amendment consisted in changing the name of the person on whom the writ had been served, and against whom judgment was rendered.

Certiorari to Justice of the Peace. Submitted April 25, 1884. Decided January 7, 1885.

*Frank L. Prindle* and *Cahill, Ostrander & Baird* for plaintiff in certiorari.

*Shepard & Lyon* for defendant in certiorari. A justice cannot allow the return of service of an attachment to be so amended as to show jurisdiction : *Foster v. Alden* 21 Mich. 507 ; *Phelps v. Delaware Common Pleas* 18 Wend. 558.

COOLEY, C. J. In this case proceedings were begun in justice's court in February 1883 to enforce a log lien. Logs were attached, and service of the writ was returned as made on Simpson O. Fisher, as claiming an interest in the logs. Defense was not made in the case, and judgment was rendered for the plaintiff. In February 1884 on notice served on Shepard and Lyon, who were said to be attorneys for Alfred Mosher, who claimed the logs, and also upon another person said to be agent for Mosher, the plaintiff moved for leave to amend the return by substituting Spencer O. Fisher for Simpson O. Fisher as the name of the person upon whom service was made. The motion, though opposed, was granted. Mosher applied to this Court for a mandamus to compel this action to be set aside, but the Court ordered a certiorari instead, deeming that the remedy for which the

party had made the proper showing. The amendment was unauthorized. Nobody is standing attorney for a party to a judgment in justice's court, and no one is agent for a party to such a judgment and entitled to receive service of notices for him without special authorization. No such authorization appears in this case, and the justice was without jurisdiction to hear the motion.

No other question is properly before us. The proceedings in making the amendment must be quashed with costs.

The other Justices concurred.