# HARRISON MACHINE WORKS
## v.
## A. COQUILLARD.

*Actions—Money Had and Received—Agency—Note—Misapplication of Proceeds.*

1. Where one obtains money of another which it is inequitable or unjust for him to retain, the one thereto entitled may maintain an action for money had and received.

2. Where the payee of a promissory note has placed it for collection in the hands of an agent, who has in turn placed it in the hands of a third person, who has made the collection and misapplied the proceeds, an action by the payee for money had and received lies against such third person.

[Opinion filed January 4, 1888.]

APPEAL from the Circuit Court of St. Clair County; the Hon. B. H. CANBY, Judge, presiding.

Messrs. WILDERMAN & HAMILL, for appellant.

It is a general rule that in order to maintain an action of assumpsit, as this is, upon a contract, there must be privity between the parties to the suit. Trumbull v. Campbell, 3 Gilman, 502; Hall et al. v. Carpen, 27 Ill. 386; Carpen v. Hall et al., 29 Ill. 512; Garnsey v. Rogers, 47 N. Y. 233 (7 Am. Rep. 440); Vrooman v. Turner, 69 N. Y. 280 (25 Am. Rep. 195).

It is also a general rule that wherever the nature of the employment or agency is such that a personal trust is reposed in, or the personal skill of the employe or agent is engaged, the subject-matter of the employment, or the power, can not be delegated, and such this case was. I. & St. L. R. R. Co. v. Dawson, 3 Ill. App. 292; Crozier v. Reins, 4 Ill. App. 564; Morgan v. Roberts, 38 Ill. 65; Antrobus v. Sherman, 65 Ia. 230 (54 Am. Rep. 7); Smalley v. Greene, 52 Ia. 241 (35 Am. Rep. 267); White v. Davidson, 8 Md. 169 (63 Am. Dec. 699); Sayre v. Nichols, 7 Cal. 535 (68 Am. Dec. 280).

From these propositions it results that appellant was not the agent of appellee in the matter out of which this suit arose, but was the agent of the Ray & Filley Company only, and so would not be liable for any expense which appellant might have incurred, if it had not succeeded, and there was no communication, connection or privity between them, and so this action will not lie. Ewell's Evans on Agency, top pages 341, 425, 426; Antrobus v. Sherman, 65 Ia. 230 (54 Am. Rep. 7); Smalley v. Greene, 52 Ia. 241 (35 Am. Rep. 269); Hoover v. Wise, assignee, 91 U. S. R. 308; Bradstreet v. Everson, 72 Pa. St. 124 (13 Am. Rep. 665).

Messrs. CHAS. P. KNISPEL, for appellee.

The case of The Ætna Ins. Co. v. The Alton City Bank, 25 Ill. 243, is directly in point. There the insurance company indorsed and delivered to the bank a bill of exchange for collection; the bank indorsed and transmitted the bill to Benoist & Co., of St. Louis; the money was lost through fault of Benoist & Co.; the insurance company sued the Alton bank; the court held the bank not liable, but say: "If any liability has been incurred to the plaintiff it is by the St. Louis house, who became their agents, and not by the defendant."

Where a sub-agent is employed by an agent to receive money for the principal, the principal may treat the sub-agent as his agent, and sue him for the money recovered by him. Miller v. Farmers' Bank, 30 Md. 392; Wicks v. Hatch, 62 N. Y. 535; Strong v. Stewart, 9 Heisk. 137; Osborn v. Rider, 62 Wis. 235; Porter v. Peckham, 44 Cal. 204; Belleview v. Bank of U. S., 4 Whart. 105; Dorchester Bank v. New England Bank, 1 Cush. 177; Warren Bank v. Suffolk Bank, 10 Cush. 582; East Haddam Bank v. Scovil, 12 Conn. 303; Bank, etc., v. Triplet, 1 Pet. 25.

It is the well recognized doctrine that the action for money had and received may be maintained whenever the defendant has obtained money of the plaintiff, which in equity and conscience he has no right to retain. When money has been thus received the law implies a promise to pay, notwithstanding there was no privity between the parties. Taylor v. Taylor, 20 Ill. 650; McLain v. Watkins, 43 Ill. 24.

The receipt of money from an agent in payment of the agent's indebtedness, knowing that it is the money of the principal, is not permitted. In such a case the principal may sue ·for and recover back such money. Rusk v. Newell, 25 Ill. 226; Trustees v. McCormick, 41 Ill. 323; Amidon v. Wheeler, 3 Hill, 137; Bostick v. Hardy, 30 Ga. 836; Greenwood v. Burns, 50 Md. 52; Warner v. Martin, 11 Howard, 209; Stewart v. Woodward, 50 Vt. 78; Dickerson v. Watson, 47 N. Y. 439; S. C., 7 Am. Rep. 455.

GREEN, P. J. This was assumpsit for money had and received, commenced by appellee before a Justice, where a judgment was recovered against appellant, from which an appeal was taken to the Circuit Court, where a trial by the court without a jury was had, resulting in a finding and judgment for appellee, to reverse which this appeal was taken.

It appears from the evidence that appellee had a note against H. & P. J. Cambron, and in May, 1882, sent an affidavit to Ray & Filley Company, a corporation doing business in Burlington, Iowa, alleging he (Coquillard) *was the owner* of a note dated July 20, 1880, due December 1, 1881, bearing eight per cent. interest from date for $118.65, made by Henry and P. J. Cambron ; that said note was lost and after diligent search could not be found, and requested said Ray & Filley Company to collect said claim for him. It forwarded the affidavit to appellant with request to collect claim. The latter received it and then knew, through its treasurer, that Coquillard owned the claim, and was entitled to whatever money should be collected thereon. Appellant then sent affidavit to Lathrop & Company. That firm placed it in the hands of a Justice of the Peace, who collected from the makers of the note (or one of them), $113.25 net on said claim and paid over that amount to appellant November 6, 1882, on which date appellant, by its treasurer, reported said collection to the Ray & Filley Company, stating, " presuming you have funds of ours in your hands, we have placed the $113.25 to your credit on machinery account." On November ·7, 1882, the Ray & Filley Company acknowledged receipt of this· letter and say, appellant can pass the net amount of the collec-

tion to credit of repair account. Before the suit was commenced, demand for the money so received by appellant was made by and also on behalf of Coquillard, and payment refused; upon this state of facts appellant requested the court below to hold the following proposition to be the law applicable to the case:

"If the court shall find from the evidence in this case that the plaintiff sent the claim, out of which the money involved in this suit arose, to the Ray & Filley Company, of Burlington, Iowa, as his agent, to be by them collected from the persons owing the same, for him, and that the Ray & Filley Company sent said claim to the defendant as its agent, to be by the defendant collected from the persons so owing the same, and that the defendant had no communication with the plaintiff prior to the collection of said claim in relation thereto, then the law is that the defendant was the agent of the Ray & Filley Company in said transaction, and not the agent of the plaintiff, and as such agent of Ray & Filley Company the defendant was bound to account to the Ray & Filley Company, and is not bound to account to the plaintiff in reference thereto; that there is no 'privity of contract between the plaintiff and the defendant in reference to said matter, and the plaintiff can not recover in this action." And the court properly, as we think, refused so to hold; the $113.25 received by appellant and in its hands at the time said demand for it was made, belonged to appellee when it was so received, and this fact was then known to appellant. Knowing this, its duty was to pay said money to Coquillard, or to the Ray & Filley Company, from whom it received the claim. It did neither, but wrongfully kept the money, credited the amount upon said individual account of the Ray & Filley Company without the knowledge, consent or authority of appellee, and refused to pay over the same to Coquillard when demand for it was made.

The law applicable to the facts in this case is with the appellee, and under it he had a right to recover. Where one person obtains the money of another which it is inequitable or unjust for him to retain, the person entitled to it may

maintain an action for money had and received for its recovery, and it is not necessary there should be an express promise, as the law implies a promise. The test is, does the money in justice belong to the plaintiff, and has the defendant received the money, and should he, in justice and right, return it to plaintiff. These facts create a privity, and the law implies a promise to pay. Alderson v. Ennor, 45 Ill. 128; Allen v. Stenger, 74 Ill. 120; McLain v. Watkins, 43 Ill. 24. The case of Drovers National Bank v. O'Hare, 119 Ill. 646, is in point, and supports the view taken by us of this case. We are of opinion the finding and judgment of the Circuit Court were right and the judgment is affirmed.

*Judgment affirmed.*