### J. E. MUGGE & CO. v. ADAMS & RIVES.

No. 2719.

**1. Evidence.**—Parol evidence of the contents of a written document the absence of which is not accounted for is not admissible.

**2. Same—Handwriting.**—Parol evidence to establish by comparison the handwriting of the signature to a paper which is not produced is not admissible.

APPEAL from Wharton. Tried below before Hon. Wm. H. Burkhart. The opinion states the case.

*I. N. Dennis, G. G. Kelley,* and *John R. Shook,* for appellants. —1. The court, over defendants' objections, permitted the witness R. M. Brown to testify that on August 4, 1888, W. F. Steagall showed him a letter written by defendants to C. H. Waterhouse & Co. or to W. F. Steagall, and that said letter had a blank note for $1000 attached, with instructions in said letter that this note included the Waterhouse debt. The letter was not produced, nor was any affidavit of its loss made, nor any diligence shown to procure the same; but on the contrary, the evidence showed that no effort ever had been made to procure the letter. This was error. Rev. Stats., art. 2245; Cotton v. Campbell, 3 Texas, 493; 1 Greenl. Ev., secs. 82, 84, 88, 557; W. & W. Con. Rep., sec. 523; 2 Ct. App. C. C., sec. 388.

2. The court erred in permitting R. M. Brown to testify, over defendants' objections, that the signature to the letter was like or the same as that signed to the bond filed in this cause by defendants, because said Brown was not, by his own testimony, familiar with defendants' handwriting, and because the letter itself was not in evidence and could not in this manner be compared with other handwriting of defendants. Greenl. Ev., secs. 576–581.

No brief for appellee on file.

HENRY, ASSOCIATE JUSTICE.—Appellees brought suit for debt in a Justice Court against W. F. Steagall, and sued out a writ of attachment, which was levied upon six mules as his property.

J. E. Mugge & Co. claimed the property levied upon, and made affidavit and gave bond to try the right of property in the mules. The writ of attachment was levied on the 23d day of August, 1888.

The claimants, who were defendants, alleged that they were the owners of the property by virtue of its sale and conveyance to them by a bill of sale made by the debtor (Steagall) on the 6th day of August, 1888, including the property in controversy as well as other property. The consideration of said bill of sale was the satisfaction and payment of a note due from W. F. Steagall to defendants for the sum of $1000, and the payment by defendants of a debt due by said W. F. Steagall to C. H. Waterhouse & Co., which amounted, with the expense of attorneys employed in settling the case, to the sum of $296.75, making the aggregate amount paid for said property $1296.75.

Appellants testified by deposition. Their depositions were taken twice. In the first one they stated that they paid Steagall for the property $250 cash and canceled a note which they held against him for $1000. They testified that the transfer of the property satisfied said debts, and that they left the property in the possession of Steagall because he was engaged in doing certain work for them.

By their deposition subsequently taken defendants testified that the notary who took the first deposition failed to properly express the actual facts of the matter with reference to the item of $250. They explained that they meant to say that they paid the Waterhouse debt of about that amount, which, with interest, costs, and attorney fees, amounted to about $297. They testified that the property purchased was not, when purchased or afterwards, worth more than $900. They denied that they paid Steagall any money for the property.

A witness for plaintiffs testified that on the 4th or 5th day of August, 1888, "W. F. Steagall handed him a letter written by J. E. Mugge & Co. to either W. F. Steagall or to C. H. Waterhouse & Co., witness did not positively remember which; that the letter had a blank note for $1000 attached, dated August 4, 1888, and that the letter contained instructions that the note was to be signed by Steagall, with a deed of trust on all of his property to secure it; that his recollection was that this letter stated that the claim of C. H. Waterhouse & Co. for $255 and expenses of attorney fees and costs in the attachment proceedings was included in this $1000 note; that witness had delivered the letter to C. H. Waterhouse & Co., or to W. F. Steagall, he did not positively remember to which one; that they were both present at the time he delivered the letter; that he had never seen the letter since, nor had he ever made any search therefor; that he was not familiar with the handwriting of J. E. Mugge & Co.

prior to the day of this transaction, and would not swear that the letter was written by them, but it had their signature to it."

The witness was shown the bond for the trial of the right of property, which defendants had filed in this case, and which contained their names, and he stated that the signature to the letter was the same as that signed to the bond.

The attorney for plaintiffs testified that plaintiffs had never made any effort to procure said letter.

Defendants' evidence as to the value of the property was not contradicted. The defendants objected to the evidence of the contents of the letter, because the letter itself was not produced or accounted for, and because the witness, instead of qualifying himself to testify to the signature of the letter otherwise, was permitted to express an opinion that the unproduced signature was similar to the signature to the bond made by defendants for the trial of the right of property.

We think both objections were well taken. The letter itself was the best evidence. As it was neither produced nor its absence excused, evidence of its contents was not admissible. If the absence of the letter had been accounted for, the signature to it could not properly have been proved when it was not before the court by comparison, as was permitted.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered March 11, 1890.