THOMAS E. LYNCH CO. *v.* WAYNE CIRCUIT JUDGE.

NOTARIES — ATTORNEYS — JUSTICE'S JUDGMENT — TRANSCRIPT — STRIKING FROM FILES.

1 Comp. Laws, § 2640, provides that it shall not be lawful for notaries public who are attorneys at law to administer oaths in causes in which they are professionally engaged. A plaintiff in a suit in justice's court appeared by M., an attorney in the employ of a firm of attorneys that plaintiff had engaged to represent him. Ten days after the rendition of a judgment for the plaintiff, a member of said firm of attorneys executed an affidavit for a transcript of the judgment before M. as notary. M. also appeared for the plaintiff subsequently in a chancery suit based on such judgment. *Held*, not to show such a relation between M. and the plaintiff at the time the affidavit was made as to entitle the defendant to have the transcript based thereon stricken from the files.

*Mandamus* by the Thomas E. Lynch Company to compel William L. Carpenter, circuit judge of Wayne county, to strike from the files a transcript of a justice's judgment. Submitted December 10, 1901. Writ denied December 21, 1901.

*Walter M. Trevor*, for relator.

*Graves & Hatch*, for respondent.

MOORE, J. The relator has filed this petition, stating, in substance, that it was sued in justice's court by C. D. Widman & Co.; that in that case the plaintiff appeared personally and by Wade Millis, an attorney at law in the employ of Graves & Hatch, who conducted all the proceedings in justice's court; that judgment was rendered against relator March 16, 1901; that on the 26th of March, 1901, Mr. Graves made an affidavit before Mr. Millis as the basis of a transcript from the judgment, and a transcript was issued to the circuit court. An execution was issued. It was returned *nulla bona*, and afterwards a judgment cred-

itor's bill was filed.   It also appears that in the course of
the proceedings in that case, on May 27, 1901, the joint
affidavit of Mr. Graves and Mr. Millis was filed, in
which they state ''they have had charge of the above-en-
titled cause from the time the bill of complaint was filed
until the date hereof.''   In the chancery cause the only
solicitors of record are Graves & Hatch, and their names
alone appear on the docket in the justice's court case, as
appears by the transcript of the justice.   It is the claim of
Graves & Hatch that they were the attorneys employed
by C. D. Widman & Co., and that Mr. Millis was not em-
ployed by that corporation, and had no interest in the re-
sult of that suit; that he was simply acting as their agent
in what he did in the justice's court, and, when judgment
was rendered in justice's court, his connection with the
case ended, and he had no professional connection with
the case at the time the affidavit for transcript was made.
October 21, 1901, the relator applied to the circuit judge
for an order striking the transcript from the files.   The
judge refused to grant the order.   This is an application
for a writ of *mandamus* to compel him to do so, for the
reason that Mr. Millis was disqualified when the affidavit
was sworn to before him, by reason of the provisions of
section 2640, 1 Comp. Laws, which reads:

''It shall not be lawful for notaries public who are
attorneys and counselors at law or solicitors in chancery to
administer oaths in causes in which they may be profes-
sionally engaged.''

This motion is technical in its character, and should not
prevail in this stage of the proceedings, unless relator has
brought the case within the provisions of the law.   It does
not follow that, because an attorney has been employed in
justice's court, he continues to be the attorney for the
party for whom he appeared after the judgment is
rendered.   In *Clark* v. *McGregor*, 55 Mich. 412 (21 N.
W. 866), it was said, '' Nobody is standing attorney for a
party to a judgment in justice's court.''   In *Berkery* v.
*Wayne Circuit Judge*, 82 Mich. 160 (46 N. W. 436), it
was said:

"Parties may appear in justices' courts and prosecute or defend either in person or by attorney. Such courts being of special and limited jurisdiction, the authority of the attorney extends no further than the proceedings before the justice."

We think the relator has failed to show such a relation between Mr. Millis and the plaintiff in the case before the justice at the time the affidavit for a transcript was made as entitles the relator to the writ of *mandamus*.

The application is denied.

MONTGOMERY, C. J., LONG and GRANT, JJ., concurred with MOORE, J. HOOKER, J., concurred in the result.