## RUPERT v. BROOK MAYS & CO.
### (No. 10069.)

Court of Civil Appeals of Texas. Dallas. Oct. 8, 1927.

Rehearing Denied Nov. 5, 1927.

1. **New trial** ⊜⇒117(3)—**Order reinstating case, being in effect granting new trial at subsequent term of court, held error.**

Where case was dismissed by court for want of prosecution, order reinstating it, being in effect a grant of a new trial at a subsequent term of court, was error, since statute is mandatory that motions for new trial shall be made and determined before end of term of court.

2. **Dismissal and nonsuit** ⊜⇒81(3)—**Judgment dismissing cause for want of prosecution was final judgment, and, after adjournment for term, was out of court's control (Rev. St. 1925, art. 2232).**

Judgment dismissing cause for want of prosecution was a final judgment, and, after adjournment of court for term, was, under Rev. St. 1925, art. 2232, no longer under court's control.

3. **Dismissal and nonsuit** ⊜⇒81(7)—**Evidence held not to authorize finding that defendant's attorney was authorized to make agreement to reinstate cause.**

Where cause was dismissed by court for want of prosecution and reinstatement ordered at term following based on agreement in writing between attorneys for parties, evidence *held* not to justify finding that party signing agreement as attorney for defendant was authorized to make it.

4. **Principal and agent** ⊜⇒22(1), 122(1)—**Agency or authority cannot be proved by declarations and statements of alleged agent made at previous time.**

It is never permissible to prove agency or authority to bind another by declarations and statements of alleged agent made at some previous time.

5. **Attorney and client** ⊜⇒76(4), 93—**After a final judgment and adjournment of court, attorney's employment is at an end, and he cannot discharge or vacate judgment.**

Generally, after final judgment and adjournment of court for a term, in absence of anything else, attorney's employment is at an end, and he is without power to discharge or vacate judgment.

Appeal from Dallas County Court, at Law, Paine L. Bush, Judge.

Suit by Brook Mays & Co. against J. C. Rupert. Order was entered dismissing case for want of prosecution. Judgment for plaintiffs on merits after case was reinstated, and defendant appeals. Reversed and rendered.

Marvin B. Simpson and Leo Brewster, both of Fort Worth, for appellant.

W. R. Fly and W. N. Coombes, both of Dallas, for appellees.

LOONEY, J. J. C. Rupert, appellant, was sued in the county court at law No. 1, Dallas county, by Brook Mays & Co., appellees, on a promissory note for $350 alleged to have been executed by the defendant, and also to foreclose a chattel mortgage on a player piano.

After defendant answered, the cause was dismissed by the court for want of prosecution, and an order to that effect was duly entered. This was the status of affairs when court finally adjourned for the term.

At the following term, an order was entered by the court reinstating the case and assigning it for trial.

The order of reinstatement was based on an agreement in writing between Walter R. Fly, attorney for plaintiff, and Albert Strawn, who signed the agreement as attorney for the defendant.

When the case was called for trial, the defendant filed a motion to dismiss on the grounds: (a) That the judgment dismissing the cause for want of prosecution was final, and that, after adjournment for the term, the court was without jurisdiction to set the same aside and reinstate the case; (b) that Albert Strawn, who signed the agreement to reinstate the cause as attorney for the defendant, was not in fact employed by

defendant, and was without authority to represent him.

The motion to dismiss was overruled by the court, to which action defendant reserved a bill of exception, in which is embodied the evidence introduced on the hearing.

The case then went to trial on its merits, and resulted in a judgment in favor of the plaintiffs, as prayed in their petition, from which Rupert duly perfected and prosecutes this appeal.

By appropriate assignments, appellant presents the case upon the propositions which will be discussed.

[1] The order reinstating the case in effect granted a new trial at a subsequent term of court, which, in our opinion, was prohibited, as the statute is mandatory in its provisions to the effect that motions for new trials shall be made and determined before the end of the term of court.

[2] The judgment dismissing the cause was a final judgment, and, after adjournment of court for the term, was no longer under its control. Revised Statutes 1925, art. 2232; Bradford v. Malone, 49 Tex. Civ. App. 440, 130 S. W. 1013; Ætna Insurance Co. v. Dancer (Tex. Com. App.) 215 S. W. 962; Green v. Green (Tex. Com. App.) 288 S. W. 406.

[3] If, however, it could be said that the agreement of the attorneys to reinstate the cause was equivalent to an equitable proceeding instituted to set aside the judgment of dismissal, still we would be confronted with these questions: (a) Was Albert Strawn appellant's attorney? and (b) if so, was he authorized at the time and under the circumstances to make an agreement that virtually nullified a perfectly valid judgment in favor of the client?

The testimony of the appellant, Rupert, and of Marvin B. Simpson, his attorney of record, and also of Albert Strawn, the attorney who signed the agreement, is to the effect that Strawn was never employed by appellant; was not an attorney in the case; and all he did with reference to the case was in regard to setting the same as a matter of courtesy to Mr. Simpson, defendant's attorney.

The only evidence in the record on which the finding of the court that Albert Strawn was attorney for Rupert and authorized to execute the agreement to set aside the judgment of dismissal and reinstate the case could have been based was the testimony of Mr. Fly, plaintiffs' attorney, to the effect that Strawn told him he represented Rupert and Simpson in the matter, and that, when he (Fly) was ready to try the cause, to take the matter up with him (Strawn).

[4] The fact of agency cannot be established by this character of evidence. It is never permissible to prove agency or authority to bind another by the declarations and statements of the alleged agent or representative made at some previous time. Alamo Live Stock Commission Co. v. Heimer (Tex. Civ. App.) 192 S. W. 591, and authorities there cited; Dawson v. Nunn (Tex. Civ. App.) 200 S. W. 603. '

We therefore hold that the evidence did not justify the finding of the trial court, to the effect that Strawn was attorney for appellant, and authorized to make an agreement to reinstate the cause.

[5] But, even if it should be conceded that Strawn was one of appellant's attorneys in the case, did he have authority to bind appellant by the agreement to vacate the judgment of dismissal made after the adjournment of the court for the term? We think not. The rule generally accepted by textwriters and announced in decisions is that, after final judgment, and the adjournment of court for the term, in the absence of anything else, the attorney's employment is at an end, and he is without power to discharge or vacate the judgment, and this seems to be always the case where the attorney, as is claimed here, represents the defendant. This rule is stated in 6 Corpus Juris, p. 672, as follows:

"It is always a presumption that an attorney is employed to conduct the litigation to judgment and no further; the relation of attorney and client, and the general powers of the attorney, cease upon the rendition and entering of the judgment. There is a distinction in this connection, however, between cases in which the attorney is retained to represent plaintiff and those in which he represents defendant; in the latter case, the entry of final judgment always terminates the relation and the attorney's authority; in the former case, it is generally the rule that the attorney's authority lasts until satisfaction of the judgment, and that he may take the ordinary and usual steps to secure such satisfaction."

In Hamilton v. Hamilton, 225 S. W. 69, 70, the Court of Civil Appeals announced the rule as follows:

"As a general rule, the authority of an attorney to represent his client ceases when the case is finally disposed of. A case is finally disposed of when final judgment is entered therein."

Also see Brown v. Arnold, 127 F. 387.

We are therefore of the opinion that the trial court erred in overruling appellant's motion to dismiss the cause, and, because of such error, the judgment below is reversed, and here rendered for appellant.

Reversed and rendered.