COWAN et al. v. CAPPS et al. (No. 2601.)*

(Court of Civil Appeals of Texas. Amarillo. Oct. 21, 1925. Rehearing Denied Nov. 25, 1925.)

1. Courts ⬤69—Defendants in injunction suit estopped from insisting that court had no jurisdiction to hear case on merits in vacation.

In suit for injunction, where defendants filed supporting affidavits and verified pleadings, praying that matter be speedily determined, whereupon court proceeded under Vernon's Sayles' Ann. Civ. St. 1914, art. 1714, defendants are estopped from insisting that court had no jurisdiction to determine case on merits in vacation.

2. Appeal and error ⬤171(1)—Appeal will be heard on same theory upon which case was tried below.

Where case was tried on theory that restraining order was only temporary, appeal will be heard on same theory.

3. Schools and school districts ⬤53(4)—Legislature presumed not to have intended leaving school district without trustees.

In passing Act March 5, 1925 (Loc. & Sp. Acts 39th Leg. [1925], c. 30), dividing school district and providing for election of new trustees, Legislature will be presumed to know that such election could not be held without giving ten days' notice, and will be presumed not to have intended to leave district without trustees, even for that period, so that it must have intended trustees of former district to continue until new be elected.

4. Schools and school districts ⬤53(4)—Trustees of district under former act held to continue in office where election of new trustees was void.

Where school district existing under Sp. & Loc. Acts 37th Leg. (1921) c. 70, was divided by Act March 5, 1925 (Loc. & Sp. Acts 39th Leg. [1925], c. 30), which provided for election of new trustees, trustees of former school district continued in office, in view of Const. art. 16, § 17, where county judge failed to call election within time prescribed by act; and where trustees, having been enjoined from calling election under Vernon's Ann. Civ. St. Supp. 1918, art. 2887, the election of new trustees of new school district was called by county judge too late to comply with article 2889, and was therefore void.

5. Quo warranto ⬤10—Not proper remedy.

Where plaintiffs are not officers nor exercising duties thereof, and defendants are not usurpers, quo warranto is not the proper remedy.

6. Schools and school districts ⬤53(1)—Ordinary suit for possession of offices maintainable, notwithstanding special provision of statute therefor.

An ordinary suit for possession of offices of trustees of school district may be maintained, notwithstanding special provision of statute, enacted for attainment of same end; such statutes being merely cumulative.

7. Schools and school districts ⬤53(4)—Trustees holding over until successors be elected and qualified are de jure officers.

Trustees of school districts, holding over under the Constitution until their successors have been duly and legally elected and qualified, are not merely de facto trustees, but are de jure officers; the policy of the law being to prevent vacancies in office suspending functions of government.

Appeal from District Court, Hockley County; Clark M. Mullican, Judge.

Suit for injunction by H. O. Capps and others against Lee Cowan and others. Decree for plaintiffs, and defendants appeal. Reversed and rendered.

Robert H. Bean, Vickers & Campbell, and Bean & Klett, all of Lubbock, for appellants.
Bledsoe, Woodward & Higgins, of Lubbock, for appellees.

HALL, C. J. August 1, 1925, the appellees presented their petition for injunction against appellants to the district judge of Hockley county, alleging in substance: That they were the duly elected, qualified, and acting

trustees of Ropes independent school district No. 1 of Hockley county. That the Thirty-Seventh Legislature passed a Special Act (Sp. & Loc. Acts 37th Leg. [1921] c. 70), creating said district and defining its boundaries, and that appellants were thereupon duly elected trustees of said independent school district, in accordance with the provisions of said act, and under and by virtue thereof became the trustees of said district, acting as such, and so continued to act until March 5, 1925. That during the regular session of the Thirty-Ninth Legislature it passed an act which became effective March 5, 1925, and by which the former act creating said Ropes independent school district, from making any portion of the territory, and out of the same creating the Clauene independent school district (Loc. & Sp. Acts 39th Leg. [1925] c. 30), and the Center Independent School District (Loc. & Sp. Acts 39th Leg. [1925] c. 23) in said county; and another act was passed by that Legislature (Loc. & Sp. Acts 39th Leg. [1925] c. 48), creating the Ropes independent school district No. 1 in that part of the territory which remained after cutting off the said other two districts. That said last act (section 6) provided:

"As soon after taking effect of this act as may be practicable, the county judge of Hockley county shall order an election for the purpose of electing seven trustees to serve as trustees of said Ropes independent school district, whose terms of office shall be as follows: The terms of office of the seven trustees chosen at the first election under this act shall be divided into two classes, and the numbers shall draw the different classes, the four drawing the numbers one, two, three and four shall serve for one year, or part thereof, that is, until the regular election of trustees of independent school districts to be held in the year 1925, and until their successors have been duly elected and qualified, and regularly thereafter each year. * * *"

That pursuant to said act the county judge of said county ordered an election for the purpose of electing said board of trustees, said election to be held on the 30th day of April, 1925. That thereafter said election was regularly held, and the appellees were duly elected trustees of said district, and thereafter, in compliance with the provisions of said act, they were duly organized as a board, electing H. O. Capps president thereof. That after the passage of said act by the Thirty-Ninth Legislature and its approval by the governor, the authority of the defendants, who are appellants here, was terminated, and they were no longer legally members of said board, nor were they entitled to act as such. That, notwithstanding said act and election, the defendants continued to act as trustees, and are in possession of the minute book and account books of said district, withholding them from the rightful possession of the plaintiffs, who legally constitute the board of trustees of said district, and who are entitled to

such possession. That the defendants, claiming to constitute the board of trustees, were entering into contracts with various persons as teachers of said school during the scholastic year 1925–1926. That the plaintiffs, being the legally constituted board, are entitled to the title and possession of all the property owned by said district in Hockley county.

The prayer is:

"Wherefore plaintiffs pray that your honor grant your most gracious writ of injunction, restraining the defendants each and all from claiming to be a trustee or trustees of said school district, from making any contracts upon the faith and credit of said district, from creating any indebtedness or liabilities as such purported trustees, from in any manner claiming to represent or conduct the school and school affairs of said district, from retaining possession of the books and properties of said district now in their possession, and that they be directed to deliver the same into the custody and keeping of these plaintiffs, as legally elected and qualified trustees of said district, and that they be in every way enjoined from interfering with plaintiffs in the proper conduct, control and management of the affairs of said district; that they be restrained from in any manner attempting to retain possession of any of the properties belonging to said district, and from, and in any manner, interfering with these plaintiffs as the duly elected, qualified and acting trustees of said district, and in the conduct and in the management of the business and affairs of said district, and upon a final hearing, said injunction be made permanent, for costs of suit, and for all other relief, both general and special, either in law or equity, to which they may be entitled."

The court granted a temporary injunction, and on August 17th the defendants filed their verified answer and a motion to dissolve. The answer contains a general denial, alleges that they, as defendants, are the legally and duly constituted trustees of said district, and ends with the following, in part:

"Wherefore, it is imperative and necessary for this court to hear and determine the allegations for injunction sued by the plaintiffs before the school term begins, so that it may be known whether or not these defendants should be interfered with or molested in their management of said school, and they pray the court that their motion for dissolution of said injunction be entertained, and a hearing set thereon as early as it is possible for the court to hear it,' and that on final hearing, the same be sustained and the injunction dissolved, etc."

The court heard the matter on August 29, 1925, in vacation, and the effect of his judgment is to make his temporary restraining order permanent.

[1] The first proposition urged by appellants is that the district court erred in transferring the possession of the office and office equipment of the school trustees from defendants to plaintiffs by a preliminary injunction in vacation without a trial of the

case on its merits. It appears from the record that defendants filed supporting affidavits; that the pleadings were all verified, and were presumably considered by the court as evidence in rendering final judgment. V. S. C. S. art. 1714, provides:

"The judges of the district courts may in vacation, by consent of the parties, exercise all powers, make all orders, and perform all acts, as fully as in term time, and may, by consent of the parties, try any case without a jury and enter final judgment, except in divorce cases."

The record does not disclose that appellants objected to a final trial of the matter, but, by their prayer, they invoked the action of the court, insisting that in the interest of the public schools the matter be finally determined in vacation. They are thereby estopped from insisting that the court had no jurisdiction to hear and determine the case upon its merits in vacation. Glenn v. Milam (Tex. Sup.) 263 S. W. 900; Walker et al. v. Meyers et al. (Tex. Sup.) 266 S. W. 499.

[2-4] The next proposition is that the court erred in transferring the possession of the office and equipment from defendants to plaintiffs by a temporary injunction in vacation, without a trial of the case on its merits, when there was no prayer by plaintiffs for such temporary injunction. The prayer of the petitioners was for a writ of injunction, and that upon final hearing said injunction be made permanent. The appellants move to dissolve the temporary injunction, and the record shows that the case was tried upon the theory that the restraining order granted by the court was nothing more than a temporary order. The theory upon which the case was tried in the lower court is the one upon which it must be heard in this court.

From a careful consideration of the pleadings of all parties, we must conclude that the gist of this suit is the right of the respective contestants to hold office as trustees of Ropes independent school district No. 1, and that the injunction prayed for is only ancillary to the main issue. The appellants insist that they are at least de facto trustees and entitled to hold office until their successors have been duly elected and qualified, and that the appellees have not been duly elected. On the other hand, appellees contend, in substance, that the Ropes independent school district, as created by the act of the Thirty-Seventh Legislature, has been abolished by the act of the Thirty-Ninth Legislature, under which they claim to have been elected as trustees, thus vacating the offices held by the appellants, and that they are therefore entitled to the injunction granted by the trial court.

We cannot agree with appellees' construction of the last act, under which they claim the right to serve as trustees. The original act (See Special Laws Thirty-Seventh Leg. Sp. Sess. c. 70), created the Ropes independent school district No. 1, which included all the territory now embraced by the Clauene district, the Center district, and the present Ropes district, as created by the Thirty-Ninth Legislature. The act of the Thirty-Seventh Legislature converted the Ropes common school district into the Ropes independent school district No. 1, and is in all its material provisions identical with the last act passed by the Thirty-Ninth Legislature. It divested the trustees of the common school district of the title to the property, and vested title in the new trustees thereafter to be elected for the newly created independent school district. The provision for the election of the new trustees is identical with that of the later act, except as to the years the trustees were to serve. Both acts expressly repeal all laws in conflict with their respective provisions, and, when reasonably and fairly construed, simply merged the property rights and corporate powers of the old body politic into the new, making the last the successor of the old, changing the name of the preceding body politic. In other words, the charter of each preceding district was amended by changing its name and providing for the election of new trustees without in any degree affecting property rights or abolishing the offices as they formerly existed. 7 Fletch. Cyc. Corp. §§ 4835, 4837, 4838. As said in McQuillin Mun. Corp. § 298:

"The municipal corporation is not dissolved, nor is its identity affected by an enlargement or diminution of its corporate limits, increase or decrease in the number of its corporators, or inhabitants, change of its name, transition from a hamlet, village or town to a city, or vice versa, or passing from one class or grade to another class or grade, or an amendment or repeal of its charter, and the substitution of a new charter, materially altering its form of government."

On March 5, 1925, when the act of the Thirty-Ninth Legislature was approved and filed, appellants were the duly elected and qualified trustees of the first independent school district. The offices which they held were not expressly abolished by the last act. The Constitution, article 16, § 17, provides that all officers shall continue to perform the duties of their offices until their successors shall be duly qualified. This is mandatory. Keen v. Featherston, 29 Tex. Civ. App. 563, 69 S. W. 983. In view of the fact that the school was in session when the last act took effect and trustees might possibly be called upon any day to exercise the functions of a board precludes the idea that the Legislature intended to abolish their offices, in the absence of an express provision to that effect. Moreover, the section of the act quoted first above provides that as soon as practicable after the act takes effect the county judge shall order an election for the purpose of electing seven trustees for the district. The Legislature is presumed to know that such

election could not be held without first giving ten days' notice, and we cannot infer that it was the legislative intent to leave the district without trustees for even that brief period. When the county judge failed to call the election within the time prescribed by the act, it appears that appellants attempted to call an election under the general law as provided by V. S. C. S. (1918 Supp.) art. 2887, but were enjoined from holding it by the district judge in a suit by the county judge, and while that injunction was pending the county judge called the election for April 30, 1925. The county judge then had his injunction action dismissed in June. If the election had been called as was contemplated by the act, four of the trustees chosen at that election would have served "until the regular election of trustees of independent school districts to be elected in the year 1925," which, by the provisions of article 2889, would have been held on the first Saturday in April, 1925. The last quoted provision of the act of the Thirty-Ninth Legislature clearly implies that the county judge should call the election prior to the first Saturday in April; having failed to do so, he was without authority to call it for April 30th. The provisions of the statutes regulating the time of holding elections are mandatory, and an election held on some other date than that specified in the statute is void. Cartledge v. Wortham, 105 Tex. 585, 153 S. W. 297; Gray et al. v. Ingleside Independent School District (Tex. Civ. App.) 220 S. W. 350. Appellees having been chosen as trustees at a void election, they are not entitled to oust appellants or to maintain this suit.

[5] Since the appellees were not officers, nor exercising the duties of such officers, and the appellants were not usurpers, quo warranto was not the proper remedy. State v. Hoff, 88 Tex. 297, 31 S. W. 290; Deaver v. State, 27 Tex. Civ. App. 453, 66 S. W. 256.

[6] This is an ordinary suit for the possession of offices, and may be maintained notwithstanding special provisions of the statute enacted for the attainment of the same end. Such statutes are merely cumulative. McAllen v. Rhodes, 65 Tex. 348; Juneman v. Franklin, 67 Tex. 411, 3 S. W. 562.

[7] The duty to hold over as trustees until their successors have been duly and legally elected and qualified, imposed upon appellants by the Constitution, renders them, during such incumbency, not merely de facto trustees, but they must be held to be de jure officers, since no successors have been legally elected. The policy of the law is to prevent vacancies in office, thereby suspending the functions of government. 29 Cyc. 1399, 22 R. C. L. 598, § 320; Keen v. Featherston, supra; El Paso & S. W. Ry. v. Ankenbauer (Tex. Civ. App.) 175 S. W. 1090; Jones v. City of Jefferson, 66 Tex. 576, 1 S. W. 903.

Appellants also pray for an injunction against appellees, and this prayer should have been granted.

The judgment is reversed, and is here rendered, enjoining appellees from in any manner exercising. or attempting to exercise the authority or powers of trustees of the said district, and from in any way interfering with the exercise of such powers by appellants.

Reversed and rendered.