**CAPPS et al. v. COWAN et al.**
(No. 827–4522.)

(Commission of Appeals of Texas, Section A. June 23, 1926.)

**1. Schools and school districts ☞46.**

Loc. Sp. Acts 39th Leg. (1925) c. 48, reorganizing Ropes school district, and requiring by section 6 county judge to order first election for trustees thereof, *held* valid.

**2. Mandamus ☞74(2).**

County judge, who is required by statute to order an election to choose trustees of school district, though it fixes no specific date therefor, may be required by mandamus to do so.

**3. Schools and school districts ☞53(1)—Election ordered by judge subsequent to regular election of 1925 held valid under requirement that he order election of trustees of school district to serve until regular election of 1925, and until successors are elected and qualify (Sp. & Loc. Acts 37th Leg. [1921] c. 70; Loc. & Sp. Acts 39th Leg. [1925] cc. 23, 30, 48; Rev. St. 1911, art. 2886, now Rev. St. 1925, art. 2775).**

Where school district existing under Sp. & Loc. Acts 37th Leg. (1921) c. 70, after other districts were created therefrom by Loc. & Sp. Acts 39th Leg. (1925) cc. 23 and 30, was reorganized by Act March 5, 1925, Loc. & Sp. Acts 39th Leg. (1925) c. 48, which required county judge to order election of first seven trustees, in compliance with Rev. St. 1911, art. 2886, now Rev. St. 1925, art. 2775, four of whom should serve until "regular election of trustees of school districts in 1925, and until successors have been been elected and qualified," election on April 30, 1925, ordered by county judge, was valid, though after the "regular election of trustees in 1925," and terminated authority of old trustees.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit for injunction by H. O. Capps and others against Lee Cowan and others. Decree for plaintiffs was reversed and rendered by the Court of Civil Appeals (278 S. W. 283), and plaintiffs bring error. Judgment of the Court of Civil Appeals reversed, and decree of district court affirmed.

Bledsoe, Woodward & Higgins, of Lubbock, for plaintiffs in error.

Bean & Klett and Vickers & Campbell, all of Lubbock, for defendants in error.

BISHOP, J. The Thirty-Seventh Legislature of 1921 passed a special act creating the Ropes independent school district No. 1 of Hockley county, and defining its boundaries. Spec. & Loc. Acts 37th Leg. c. 70. The territory included within these boundaries was divided into three independent school districts by special acts of the Thirty-Ninth Legislature in 1925 as follows: Clauene independent school district was created by an act

taking effect February 24, 1925 (Loc. & Spec. Acts 39th Leg. c. 30), and the Center independent school district by an act taking effect February 23, 1925 (Loc. & Spec. Acts 39th Leg. c. 23). Ropes independent school district was by a separate act reorganized, including within its boundaries all the territory of said district created by the Thirty-Seventh Legislature, which was not included in the Clauene and Center Districts (Loc. & Spec. Acts 39th Leg. c. 48). This act became effective on March 5, 1925, and contains the following provisions, to wit:

"Sec. 6. As soon after taking effect of this act as may be practicable, the county judge of Hockley county shall order an election for the purpose of electing seven trustees to serve as trustees of said Ropes independent school district, whose terms of office shall be as follows: The terms of office of the seven trustees chosen at the first election under this act shall be divided into two classes, and the numbers shall draw the different classes, the four drawing the numbers one, two, three and four shall serve for one year, or part' thereof, that is, until the regular election of trustees of independent school districts to be held in the year 1925, and until their successors have been duly elected and qualified, and regularly thereafter each year; four trustees and three trustees shall be elected for a term of two years to succeed the trustees whose term shall at that time expire.

"Sec. 7. Before any trustee enters upon the discharge of his office, he shall qualify by taking and subscribing the oath of office provided by the Constitution of this state, which oath, after the first election, shall be filed with the county judge of Hockley county, Texas, and after all subsequent elections with the president or chairman of the board of trustees of said Ropes independent school district.

"Sec. 8. The trustees chosen under this act shall meet within ten days after the election, or as soon thereafter as may be practicable, for the purpose of organizing. A majority of said board of trustees shall constitute a quorum for the transaction of business, excepting levying taxes and ordering bond elections, when two-thirds of the trustees shall constitute a quorum; and they shall choose from their number a president; and they shall also choose a secretary, a treasurer and an assessor and collector of taxes and other necessary officers and committees."

Defendants in error, who were the trustees of Ropes independent district prior to and at the time same was reorganized, ordered an election to be held on the first Saturday of April, 1925, for the purpose of electing trustees for said reorganized district. The county judge of Hockley county filed suit and secured a temporary writ of injunction preventing the holding of this election. He ordered an election to be held on April 30, 1925, for the purpose of electing seven trustees for said district, and at this election plaintiffs in error were elected. They quali-

─────────────
☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
286 S.W.—11

fied as trustees and organized under the provisions of section 8 above quoted.

They thereafter filed suit in the district court of Hockley county against defendants in error, who claimed to be the trustees of said reorganized district, and secured a temporary injunction restraining them from making contracts upon the faith and credit of the district; from creating indebtedness or liabilities as purported trustees of said district; from claiming to represent the district and from .conducting the school or school affairs thereof; from retaining possession of the books and properties belonging to said district; and from interfering with the conduct, control, or management of the affairs of same by the plaintiffs in error as the duly elected, qualified, and acting trustees thereof.

The defendants in error filed their answer and motion to dissolve, and the judge of said district court in chambers, on hearing the motion to dissolve, overruled same, and ordered defendants in error to deliver to plaintiffs in error all records, books, moneys, and property in their possession belonging to said district. From this order defendants in error appealed, and the Court of Civil Appeals reversed the order overruling the motion to dissolve, and ordering delivery of records, books, moneys, and property, and rendered judgment enjoining plaintiffs in error "from in any manner exercising or attempting to exercise the authority or power of trustees of said district, and from in any way interfering with the exercise of such powers by" defendants in error. 278 S. W. 283. This judgment is based on a holding that the county judge was not authorized to order the election at which plaintiffs in error were elected, and that the election was for this reason void.

The act creating and organizing the Ropes independent school district provides that the county judge should order an election for the purpose of electing seven trustees to serve as trustees for said district as reorganized as soon after the act should take effect as might be practicable. It this provision is valid, it should be given effect. It was clearly the intention of the Legislature to provide, as was expressly provided in the act, that the first seven trustees should be chosen at an election to be ordered by the county judge. This duty was imposed upon this officer, and he was required to order the election as soon as it might become practicable to do so. The provision in this act that "the four drawing the numbers one, two, three and four shall serve for one year, or part thereof, that is, until the regular election of trustees of independent school districts to be held in the year 1925, and until their successors have been duly elected and qualified," contemplates that the election which the county judge is required to order might not be held prior to the regular election on the first Saturday in April, 1925. This is clearly shown by the provision that "the four drawing the numbers one, two, three and four shall serve for one year." This special act was passed in 1925, and, had it not been contemplated that the seven trustees might not be elected prior to the regular election in April, 1925, there would have been no necessity for the provision that the four should serve for "one year."

This special act requires the county judge to order the first election at which trustees for the reorganized district should be elected. This requirement is not in conflict, but in compliance with article 2886, R. S. 1911 (article 2775, R. C. S. 1925), which is:

"In each independent district that shall be hereafter organized, the county judge of the county in which said independent district is situated shall order an election for seven trustees, who shall constitute the school board of such independent district, and all of whom shall serve without compensation."

[1, 2] The reorganization of the Ropes independent school district is in our opinion such organization as is contemplated by this article, and the special act requiring the county judge to order the first election for trustees therein is valid. There is no specific date fixed at which the election should have been held. Had the county judge failed or refused to order such election, such failure or refusal would not have relieved him of his duty, and he could by writ of mandamus have been required to do so. Yett v. Cook (Tex. Sup.) 281 S. W. 837.

[3] The election ordered by the county judge at which plaintiffs in error were elected school trustees was not void, but valid, and, having qualified and organized under the special act reorganizing the Ropes independent school district, they are the trustees for said district, and entitled to manage its affairs.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and the order of the district judge overruling the motion to dissolve and ordering defendants in error to deliver the records, books, moneys, and property to plaintiffs in error be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

PIERSON, J., not sitting.