THE STATE EX REL. COUNTY OF ST. LOUIS v. STATE HIGHWAY
COMMISSION.

Court en Banc, August 6, 1926.

**1. STATE HIGHWAY: Refund Road: Designation of Route.** The State Highway Commission is required by the statutes, in the construction of what is known as "refund roads," to follow a route located and designated by the local municipal authorities.

2. ———: **Designation of Route.** The State Highway Commission has not been invested with power to determine the route of a public road. The Legislature itself prescribed the routes of all the roads constituting the state highway system, and left to the freeholders of townships or to the county court the location of extra-county roads, outside of the cities, and within narrowly prescribed limits authorized the State Highway Commission to make changes in certain of the routes of the state highways as fixed by the Legislature, but beyond these narrow limits the Commission has no power to locate or route any road.

Corpus Juris-Cyc. References: **Construct,** 12 C. J., p. 1294, n. 14; p. 1295, n. 29 New. **Highways,** 29 C. J., Section 308, p. 583, n. 55, 59.

### Mandamus.

PEREMPTORY WRIT AWARDED.

*John A. Nolan* for relator.

(1) The State Highway Commission is an administrative body and has only such power and authority as is expressly given it by statute or which is impliedly necessary to accomplish the purpose of its creation. Castilo v. State Highway Comm., 312 Mo. 244. (2) By the Act of 1921, the State Highway Commission is granted jurisdiction only over such roads and highways as are designated "state highways," the jurisdiction over all other roads in the State remaining as it was prior to the Act of 1921. The so-called "refund" or "feeder roads" are not "state highways" as that term is used in the Act of 1921.

*North Todd Gentry,* Attorney-General, *L. Newton Wylder, Lue C. Lozier* and *Edgar Shook* for respondent.

(1) The location of additional roads is left to the discretion of the State Highway Commission. Secs. 4, 14, 24, 26, 31 and 33 of the Centennial Road Law, Laws 1921, Ex. Sess., pp. 131 to 167; 37 Cyc. 604; Vantongeren v. Heffernan, 5 Dak. 180; State v. Fremont Ry. Co., 22 Nebr. 313; Great Northern Rd. Co. v. Snohomish Co., 48 Wash. 478; McCarthy v. Board of Supervisors, 15 Cal. App. 576. (2) The discretion vested in the State Highway Commission will not be interfered with by the courts. State ex rel. v. Hudson, 226 Mo. 265; 22 Cyc. 879; Kerr on Injunctions (2 Am. Ed.); High on Injunctions (4 Ed.) sec. 1326; Gaines v. Thompson, 74 U. S. 347; Castilo v. State Highway Comm., 312 Mo. 244.

RAGLAND, J.—This is an original proceeding brought by the County of St. Louis against the State Highway Commission for the

purpose of having this court issue its peremptory writ of mandamus requiring the Commission, in the construction of what is known as "refund roads" in the County of St. Louis, to follow a route designated by the County Court of St. Louis County. The determination involves in particular, the construction and interpretation of Section 33 of the Act of the General Assembly approved on August 4, 1921, as found on pages 164 and 165 of the Laws of 1921 (Ex. Sess.).

The respondent entered its general appearance in the cause, waived the issuance and service of the alternative writ, and filed its demurrer to the relator's petition.

The facts upon which the ruling is sought are set forth in the petition as follows:

"Relator states that under and in pursuance of the terms and provisions of the Act of 1921 aforesaid there was located and constructed across St. Louis County from the county line adjoining Jefferson and Franklin counties on the west to the county line adjoining the city limits of the city of St. Louis on the east, four state highways as designated in Section 29 of the said act; that these last-named state highways were constructed, partly at the expense of the State of Missouri, with State and Federal money, and partly with money representing the proceeds of certain bonds authorized by the taxpayers of St. Louis County; that by reason of the expenditure by the State Highway Commission in the construction and improvement of the aforesaid state highways in St. Louis County of the funds of St. Louis County, there accrued to the credit of St. Louis County by virtue of the provisions of Section 33 of the Act of 1921, as aforesaid, a large sum of money, approximately nine hundred thousand dollars; that all of the state highways designated in St. Louis County in said Section 29 of said act have been fully constructed and completed; that St. Louis County, under and by virtue of the said Section 33 of the Act of 1921 became entitled to, and should now be reimbursed in the said amount from the State of Missouri, such reimbursement being due St. Louis County in the form of additional roads to be constructed in St. Louis County connecting with the state highways in said county as hereinbefore mentioned, and to be constructed under state supervision through the instrumentality of the State Highway Commission of Missouri. That in pursuance of the terms and provisions of said Section 33 of the said Act of 1921 the County of St. Louis, acting by and through an order of the county court of said county, duly made and entered of record, did, on or about the 23rd day of January, 1925, locate, specify and designate a route or system of additional roads in St. Louis County, connecting with the system of state highways leading across said St. Louis County as hereinbefore mentioned; that the route

of said connecting roads, as so located, specified and designated by St. Louis County as aforesaid, extended from Lemay Ferry Road, a state highway; on the south, in a generally northerly direction across the Gravois Road and the Manchester Road, and terminated at the St. Charles Rock Road on the north, all state highways in said county; that the route or roadway so located, specified and designated was along and over the route and right of way of existing long-established and heavily-traveled public roads in said county passing through thickly-settled communities, cities, towns and villages, as well as farming districts and connecting with and intersecting numerous other public roads, streets and highways in said county; that a certified copy of the order of the County Court of St. Louis County, entered as aforesaid, was duly filed with the State Highway Commission of Missouri, on or about the 29th day of January, 1925, with the demand that the said State Highway Commission, as soon as practicable, begin the construction of the roadway along the route so located, specified and designated in the said order, from funds due the County of St. Louis under the provisions of Section 33 of the Act of 1921, as aforesaid, and that said construction continue until said roadway was completed, or until the full amount of such funds due St. Louis County was exhausted.

"Relator states that upon receipt by the State Highway Commission of the order of the St. Louis County Court as aforesaid, the said commission caused certain surveys to be made over, along and adjacent to the route designated by the order of the county court; that about the 1st day of January, 1926, said State Highway Commission notified the County Highway Engineer and County Court of St. Louis County that it was now prepared to begin actual work on the said refund roadway, but that such construction would proceed along such part only of the route theretofore designated, located and specified by the County of St. Louis as met the approval of said State Highway Commission, and that the said State Highway Commission would and did refuse to follow the route so located, specified and designated by the County of St. Louis for said 'refund road' and that the said State Highway Commission claimed and asserted, and still claims and asserts, that it was and is vested with the power and authority, under the terms of the Act of 1921, as aforesaid, to locate, specify and designate the location and route of the refund roads provided for in Section 33 of said Act of 1921, and that the said State Highway Commission of Missouri has refused and still refuses to follow the route located, specified and designated by the County of St. Louis, as aforesaid, and to begin the construction and improvement thereon as required by Section 33 of the said Act of 1921."

The question at issue is whether under the provisions of said Section 33 the so-called "refund roads" are to be located by the State Highway Commission, or by the counties in which such roads are to be constructed. That section provides:

"Counties or other civil subdivisions shall be reimbursed for work done in constructing such part of a road or roads which may become a part of the state highway system to the extent of the value to the state at the time taken over, due consideration being given to the type of road the State would have constructed had such road not already been constructed, provided that all reimbursements to the amount of six thousand dollars per mile shall be deducted from the apportionment made to each county, and all reimbursements in excess of $6000 per mile shall be made out of the one-third of the state road funds set apart and available for the construction of a higher type road than properly bound gravel road. Reimbursements shall be in the form of additional roads to be constructed in that county connecting with the system and constructed under state supervision, or, all or a part of said sum may be used to construct a higher type road than that proposed by the commission as part of the state highway."

The State Highway Commission is vested with such powers as are specifically conferred by the act known as the Centennial Road Law, of which Section 33 is a part, and also all powers necessary or proper to enable it to carry out fully and effectively all of the purposes of the act, namely, the construction and maintenance of the state highway system therein created and defined. If the power to designate or locate the routes of the "additional roads" with which counties are to be reimbursed, under the provisions of Section 33, is expressly conferred, it must be found in the language, "constructed under state supervision." It may be conceded that "constructed under state supervision" is equivalent to "constructed by the State Highway Commission." But "construct" means to put together the constituent parts of something in their proper place and order, and there is nothing in the context to indicate that the word was used in any other than this its simple and primary sense. The power given to construct the roads cannot therefore be held to include the power to select or designate their routes. A reading of the act as a whole impresses one with the idea that the provision that the refund roads be constructed under state supervision was made in the interest of economy and for the purpose of forwarding one of the general objectives of the act, namely, standardization as to construction of all the public roads of the State.

But respondent contends that because the refund roads must connect with the state highway system, they become, not a part of that system, but auxiliary to it; and that the selection of their routes there-

fore by necessary implication falls within its general jurisdiction. To say that such roads form no part of the state highway system yet are auxiliary to it, seems to involve a contradiction. But if it be assumed that they were designed to in some way supplement the state highway system and that their construction is incidental to the construction and maintenance of that system, it does not follow that the Commission is authorized to designate or locate their routes. The Commission has not been intrusted with the power to determine the route of any public road. The Legislature itself prescribed the routes of all the roads constituting the state highway system (Sec. 29, Laws 1921, Ex. Sess., p. 145) ; the locations of intra-county roads, outside of the cities, it wisely left to the freeholders of the municipal townships through which such roads run (Sec. 10625, R. S. 1919), or to the county court (Sec. 10636, R. S. 1919)—far better judges of local needs than either Legislature or state commission. Within narrowly prescribed limits the respondent is authorized to make *changes* in certain of the routes of the state highways, as fixed by the Legislature (Castilo v. Commission, 312 Mo. 244), and that is the extent of the power given it with respect to the locating or routing of any road.

A peremptory writ as prayed should be awarded; it is so ordered All concur, except *Graves, J.,* absent.