**DRANE et al. v. HUMBLE OIL & REFINING CO. et al. (No. 611.)**

Court of Civil Appeals of Texas. Waco. March 8, 1928.

Rehearing Denied March 29, 1928.

**1. Appeal and error** ⟺1001(1)—**Jury's findings on issues of fact supported by evidence will not be disturbed on appeal.**

Jury's findings on issues submitting question of fact, being supported by the evidence, will not be disturbed on appeal.

**2. New trial** ⟺155—**Statute held not to authorize granting of motions for rehearing in cases tried at former term of court (Rev. St. 1925, art. 1915).**

Though under Rev. St. 1925, art. 1915, trial court may by agreement of all parties hear and try certain causes in vacation, such article relates to trial of causes and not to granting of motions for rehearing in case which was tried at a former term of court.

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. New trial ⚖══155—Motion for rehearing must be acted on during same term in which case is tried (Rev. St. 1925, art. 2232).**

Under Rev. St. 1925, art. 2232, a motion for rehearing must be acted on during term of court in which same is tried, and trial court cannot grant motion after termination of term in which case is tried.

**4. Courts ⚖══66(7)—Term extended for purpose of completing case then on trial expires on such case being finally disposed of, which occurs when motion for. rehearing is overruled.**

When term of court has been extended for purpose of completing case then on trial, term expires when trial of case for which term was extended is finally disposed of, and case becomes finally disposed of when trial court overrules motion for rehearing.

**5. New trial ⚖══117(3)—Court held to have properly refused to consider supplemental motion for new trial filed after adjournment and taking of appeal.**

Court properly refused to consider supplemental motion for new trial, filed at 25 days after adjournment of court term, which had been extended in order to complete trial of case in question, and after cause had been appealed, since court had no jurisdiction to hear and determine it.

**6. Appeal and error ⚖══499(3)—Bill of exceptions failing to show ground of objection to admission or exclusion of evidence will not be considered on appeal.**

Where bill of exceptions fails to show ground of objection made to admission or exclusion of testimony by trial court, it will not be considered by appellate court.

**7. Appeal and error ⚖══662(3)—Party accepting bill of exceptions qualified by judge is bound by such qualification.**

When a party excepts and has filed a bill of exception which has been qualified by trial court, he is bound by such qualification.

**8. Appeal and error ⚖══1052(5), 1056(4)—Error, if any, in admission or exclusion of testimony on issues which jury did not answer, held harmless.**

Admission or exclusion of evidence relating to issues which jury did not answer because unnecessary by reason of their answers on other issues, even if error, was harmless.

**9. Appeal and error ⚖══242(3)—Appellate court will not review special exceptions unless shown to have been presented and acted upon by trial court.**

Unless judgment of trial court shows that special exceptions were presented to and acted on by trial court, appellate court is not authorized to review them.

**10. Appeal and error ⚖══1040(1)—Rulings on special exceptions to pleading cannot be held error, where injury was not shown or that objections were not cured by amended or substituted pleadings.**

No error was shown by rulings of trial court in sustaining or overruling special exceptions to pleadings, where no attempt was made to show that any injury resulted therefrom or that any testimony was excluded or admitted by reason thereof, or that objections made to pleadings were not cured by subsequent amended or substituted pleadings.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Action by F. N. Drane and others against the Humble Oil & Refining Company and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

S. M. Kerr and Richard & A. P. Mays, all of Corsicana, for appellants.

H. B. Daviss, W. A. Tarver, and Wayne R. Howell, all of Corsicana, R. E. Seagler, C. A. Sweeton, W. W. Moore, Wright Morrow, and J. A. McNair, all of Houston, John H. Sharp, of Ennis, and C. S. Bradley, of Groesbeck, for appellees.

BARCUS, J. Appellants filed this suit against eleven different oil companies and the Powell Salt Water Company, seeking damages to 746.8 acres of land owned by them and located within the levee district on Richland and Chambers creeks in Navarro county, and seeking an injunction restraining appellees from permitting salt water and other mineral waters from running down said creeks along the levee embankments surrounding said land. Appellants alleged that when the levee was built inclosing said land owned by them, the channels of said creeks were changed to run along by the ·levee embankments on the outside of the levee inclosing their lands. They further alleged that appellees had a large number of oil wells on the tributaries of Richland and Chambers creeks, and that they had permitted and allowed a large quantity of salt water and other mineral waters and oil products to flow into said creeks; that said salt water and other mineral water and refuse oil from said creeks had percolated under said land by subterranean flow or seepage, and had by hydrostatic force and capillary attraction been gradually driven upward toward the surface on their land within said levee and had caused said land to be materially damaged, and that unless restrained, said salt water and other mineral water and refuse oil would by said process utterly destroy their land. The cause was submitted to a jury on ten special issues. The first three issues submitted were, in substance:

(1) Whether the appellees, and each of them, acted jointly and together in the discharge of said salt and other mineral water· into Richland and Chambers creeks.

(2) Whether the appellees, and each of them, acting jointly and together with the other persons and corporations named in the

easement or right of way agreement, discharged the salt and mineral waters into Richland and Chambers creeks (the other parties named in the easement being 24 different individuals and corporations in addition to appellees).

(3) Whether the salt or mineral water discharged into said creeks had percolated through the water sand of said channel and gone out under the lands of appellants and damaged the same, or any part thereof.

The court instructed the jury that if they answered issue No. 3 in the negative, they need not answer any of the subsequent questions. The jury answered each of the first three issues in the negative and, by reason of the court's instruction, did not answer any of the remaining questions. There was no objection made by appellants to said instruction as given nor as to the manner and form of said issues as submitted, and no contention was made by appellants until after the jury returned its verdict that the issues as submitted were not properly raised by the pleadings and the evidence. Appellants requested a large number of special issues, some of them embracing, in effect, some of the issues submitted by the trial court. Upon the findings of the jury the trial court entered judgment denying appellants any recovery.

[1] By their propositions 1 to 4, appellants contend that the evidence does not support the answer of the jury to any one of the three issues which the jury answered. The statement of facts embraces 1,165 pages. Without attempting to state the evidence that will support the answers of the jury, we will state that we have carefully examined the record and think the evidence is sufficient to support the answer to each of said three issues. Under the first issue as submitted, the jury, in order to have answered the question in the affirmative, were required to find that appellees, and each of them, were acting together and jointly in the discharge of salt water and other minerals in Richland and Chambers creeks, and for the jury to have answered the second issue in the affirmative they were required to find that appellees, and each of them, were acting together and jointly and acting with 24 other parties in the discharge of salt water and other minerals into Richland and Chambers creeks. We have examined the statement of facts, and find that the evidence with reference to whether the parties named were acting jointly and together is very conflicting, and we cannot say that the jury's findings with reference thereto are not supported by the testimony. In order for the jury to have answered the third issue in the affirmative, they were required to find that the salt or mineral water which had been discharged into Richland and Chambers creeks had percolated under the levee and out under the land of appellants to such an extent that same

had injured said land. There are hundreds of pages of evidence in the record on this question. It was a very sharply contested issue, and the evidence is amply sufficient to support the jury's finding on said issue. Each of said questions having submitted an issue of fact, and the evidence being sufficient to support the jury's findings, we will not disturb same, and said propositions are overruled.

[2-5] By propositions 5 to 11, appellants contend that the trial court committed error in refusing to consider their supplemental motion for a new trial, which they filed some 25 days after the adjournment of court. The record shows this cause was tried at the April term of court, which by operation of law would have adjourned on June 25th. On June 25th the trial court made an order extending the term of said court until July 2d in order that the trial of this cause might be completed. On June 28th, after the cause had been given to the jury, all of the attorneys in open court verbally agreed that the losing party might have 30 days after July 2d, the time the court had fixed for its adjournment, in which to file a motion for rehearing. The court, however, refused at said time to extend the term of court for that length of time, on the theory that he perhaps did not have the authority to extend the April term of court over into the July term of court, which began on July 4th. The jury returned its verdict on June 28th, and on July 2d, within the time to which the court had extended the April term, appellants filed their motion for rehearing, which was on said date overruled, and appellants excepted and gave notice of appeal, and on July 20th perfected their appeal by filing and having approved their appeal bond. On July 27th appellants filed their supplemental motion for rehearing and set up, in addition to the things contained in their original motion, misconduct on the part of the jury. The trial court refused to consider said motion on the ground that the term of court had expired and the cause had been appealed and that it did not, therefore, have jurisdiction to hear and determine said motion. Article 1915 of the Revised Civil Statutes provides that the judge of a district court may in vacation, by agreement of all parties, make any orders or try cases (with certain exceptions) the same as in term time. Appellants contend that under this statute the trial court had a right, since all the parties had agreed that a motion for rehearing might be filed within 30 days after the adjournment of court, to hear and determine the supplemental motion filed within said 30 days after the court had adjourned. We cannot agree with this contention. While it is unquestionably the law that the trial court may by agreement of all parties hear and try certain causes in vacation (Cowan v. Capps [Tex.

Civ. App.] 278 S. W. 283; Id. [Tex. Com. App.] 286 S. W. 161; Seagraves v. Green, 116 Tex. 220, 288 S. W. 417; Glenn v. Milam [Tex. Sup.] 263 S. W. 900), as we construe this article, it relates to the trial of causes and not to the granting of a motion for rehearing in a case which was tried at a former term of court. It is the uniform holding of our courts, under article 2232 of our Revised Statutes, that a motion for rehearing must be acted on during the term of court in which same is tried, and that the trial court has no power to grant a motion for rehearing after the termination of the term of court in which the case was tried. Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100; Ætna Ins. Co. v. Dancer (Tex. Com. App.) 215 S. W. 962; Green v. Green (Tex. Com. App.) 288 S. W. 406; Rupert v. Brook Mays & Co. (Tex. Civ. App.) 299 S. W. 474; Home Benefit Ass'n v. Boswell (Tex. Civ. App.) 268 S. W. 979; Frick-Reid Supply Co. v. Jones (Tex. Civ. App.) 286 S. W. 650. Where a term of court has been extended for the purpose of completing a case then on trial, it has been held that said term expires when the trial of the case for which the term of court was extended is finally disposed of, and that the case becomes finally disposed of when the trial court overrules the motion for rehearing. Stephenson v. Nichols (Tex. Com. App.) 286 S. W. 197; G., C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S. W. 897, 4 A. L. R. 613.

In this case the trial had not only been concluded by the court having overruled the motion for new trial, but appellants had excepted to said ruling and had perfected their appeal by giving the bond required by law, before the supplemental motion was filed on July 27th. We think the trial court did not commit error in refusing to consider said supplemental motion, since it had at the time same was filed no jurisdiction to hear and determine same.

[6-8] By propositions 12, 3, and 17 to 34, appellants complain of the action of the trial court in admitting or excluding testimony. We have carefully examined each of these propositions and the assignments of error and bills of exception to which they relate. Many of the bills of exception do not show on what ground of objection the trial court excluded the proffered testimony. Our courts have uniformly held that where a bill of exception fails to show the ground of objection made to the admission or exclusion of testimony by the trial court, same will not be considered by the appellate court. Progressive Lumber Co. v. Marshall & E. T. Ry. Co., 106 Tex. 12, 155 S. W. 175; Dancy v. Peyton (Tex. Civ. App.) 282 S. W. 819; Dennis v. Wolfe (Tex. Civ. App.) 276 S. W. 339; Cockrell v. Steffens (Tex. Civ. App.) 284 S. W. 608. A number of the bills of exception were qualified by the trial court in such a way as to clearly show no error. Our courts uniformly hold that when a party accepts and has filed a bill of exception which has been qualified by the trial court, he is bound by said qualification. San Antonio Traction Co. v. Settle, 104 Tex. 142, 135 S. W. 116; Key v. Brammer (Tex. Civ. App.) 283 S. W. 924, and authorities there cited. The large majority of the bills of exception relate to the admission or exclusion of evidence which was offered for the purpose of establishing the amount of damage, if any, and with reference to whether appellants were entitled to an injunction against appellees to prevent a nuisance. In view of the findings of the jury on the first three issues, they did not answer any of the other issues to which this testimony would have related, and if it could be said there was any error in the admission or exclusion of any of said testimony, it becomes harmless. We have, however, carefully examined each of said propositions, and same are overruled.

By propositions 35 to 45, appellants complain of the action of the trial court in refusing to give certain special charges and special instructions which they requested. We have examined each of these and do not think they show any error.

[9, 10] By propositions 46 to 59, appellants complain of the action of the trial court in sustaining a number of special exceptions of appellees to appellants' petition, and, by propositions 60 to 67, complain of the action of the trial court in overruling a number of special exceptions which they leveled at the pleadings of appellees. The record shows that the only exceptions ruled on by the trial court were presented by appellants, and appellees in March during the January term of court, and thereafter in June during the April term of court appellants filed their trial amendment and appellees filed their third amended answer, on which they went to trial, in lieu of all other pleadings which they had theretofore filed. Neither the first nor second amended answers of appellees is contained in the transcript, and we cannot therefore determine whether the third amended answer is the same as the former pleadings against which the special exceptions were leveled. Neither can we determine whether the special exceptions of appellees leveled at appellants' petition, which were sustained, were not cured by the trial amendments. Our courts hold that unless the judgment of the trial court shows that the special exceptions were presented to and acted on by the trial court, the appellate court is not authorized to review the same. Southern Casualty Co. v. Welch Motor Co. (Tex. Civ. App.) 291 S. W. 272, and authorities there cited. Appellants do not attempt to show that they were in any way injured by any of the rulings of the trial court in sustaining or overruling any of the special exceptions, or that any testimony was excluded or admitted by

reason thereof. Neither do they attempt to show that the objections made to the pleadings were not cured by the subsequent amended or substituted pleadings by the respective parties. We do not think any error is shown by the rulings of the trial court in sustaining or overruling any of the special exceptions by the respective parties. Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822.

Appellants, by propositions 14, 15, and 16, complain of the action of the trial court in refusing to grant them a new trial because of the argument of counsel for appellants in the trial court. We have carefully examined these assignments, and do not think the trial court in any way abused its discretion in refusing to grant appellants a new trial because of the argument of which complaint was made. Brazelton v. St. L. S. W. Ry. Co. (Tex. Com. App.) 296 S. W. 290.

Appellants by their sixty-eighth proposition complain of the action of the trial court in instructing the jury to return a verdict in favor of appellee Republic Production Company. We have carefully examined the record, and do not think the court committed any error in giving said instruction.

We have examined all of appellants' assignments of error and propositions thereunder, and same are overruled. The judgment of the trial court is affirmed.