

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

March 18, 1939

Honorable Emmett Wilburn
County Attorney
Center, Texas

Opinion No. O-17
Re: Special Election After Tie Vote
in Common School Trustee Election

Dear Sir:

We are in receipt of your letter of February 21, 1937, in which you request the opinion of this department upon the following question:

"Is a new election necessary this year, when at a common school district trustee election last year (1938), the trustee whose term was expiring received a tie vote with his opponent, and the old trustee is continuing in office by virtue of not having a successor, and in this connection the trustee serving did not qualify again, but merely held over by virtue of not having a successor."

A school trustee who holds over until his successor is duly elected, and qualified is not merely a de facto trustee, but is held to be a de jure officer under Texas Constitution, Art. XVI, Section 17. Cowan vs. Capps (T.C.A. 1925) 278 S.W. 283, reversed on other grounds (Com. App. 1926) 286 S.W. 161; State vs. Jordan (T.C.A. 1930) 28 S.W. (2d) 921.

Articles 2745, 2746 and 2746a, R.C.S. 1925, as amended, deal with common school trustee elections, and Article 2745 provides that "all vacancies shall be filled by the County Board of Trustees for the remainder of the term in which the vacancy occurs." In this connection, it is noted that there is no specific provision for the procedure to be followed in case of a tie vote in a common school trustee election.

Title 50, Elections, R.C.S. 1925, contains the following provisions:

"Art. 2923. The provisions of this title shall apply to all elections held in this State, except as otherwise provided herein.

"Art. 2953. At any election, if there be an equal number of votes given to two or more persons for the same office, except executive offices as provided in the Constitution, and no one elected thereto, the officer to whom the returns are made shall declare such election void as to such office only, and

shall immediately order another election to fill such office; and notice shall be given, and such other election shall be held in the same manner as the general election."

It was stated in Scherz vs. Telfer (T.C.A. 1934) 74 S.W. (2d) 327:

"The election of such trustee is, of course, undoubtedly controlled by the provision of Articles 2745, 2746 and 2746a, in all matters and things covered by the provisions of said Articles. But it is manifest, we think, that in all other matters not covered by said Articles the provisions of the Terrell Election Law would apply."

The court in this case accordingly held that since election contests are not treated in the statutes relating to common school trustees, but are specifically provided for in the general election laws, contests of common school trustee elections are referable to the general election laws. It should be noted that although there was a "vacancy" within the definition laid down in Clark vs. Wornell (T.C.A. 1933), 65 S.W. (2d) 350, the trial court was instructed to set a date for holding a new election to fill the "vacancy", as provided in Article 3054, R.C.S. 1925, which is the general statute applicable to election contests.

Although ordinarily the time provided for calling or holding an election is mandatory, and must be strictly followed, we are of the opinion that in view of the holding in Cowan vs. Capps (Com. App. 1926), 286 S.W. 161, the election may yet be properly held. See also 9 R.C.L.; p. 999, Sec. 19.

It is the opinion of this department that under the facts stated, a new election should be called, as provided by Art. 2953, and should be conducted as directed in Articles 2745, 2746, and 2746a, R.C.S. 1925, as amended; however, such election would not necessarily be held on the first Saturday in April.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED:

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

By /s/ Cecil C. Cammack
Cecil C. Cammack
Assistant

CCC:FG:LM

O.K.
/s/ GRL