

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 11, 1971

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas 78701

Opinion No. M-857

Re: Application of nepotism
statute where a school
trustee related to a pro-
spective teacher has been
elected but proposes de-
laying qualifying until
after date customary for
board action on teacher
contracts.

Dear Commissioner Edgar:

You have requested the opinion of this office on the
question raised by the following fact situation.

An independent school district employs its teachers on
a one year term contract basis. Section 23.28, Texas Education
Code. Normally it reemploys teachers (with less than 3-year
tenure) in May (this year, May 13, 1971) for the ensuing school
term, 1971-72, beginning in the Fall.

Teacher X is currently under contract with this district
for the current school term, 1970-71. She has been employed there
less than a year. If she is to be reemployed for the ensuing year,
1971-72, the district board would normally contract with her at
its May meeting (May 13, 1971).

At the recent regular school trustee election held on
April 3, 1971, Mr. Y was elected a trustee for a three-year term.
Returns were canvassed and Y duly declared elected on April 15,
1971. Teacher X is Mr. Y's first cousin, so X and Y are related
in the second degree by consanguinity.

Mr. Y was present at the canvass of the election returns
and the declaration of his election. At that time two other

-4156-

trustees elected at the same election qualified by taking the official oath of office and were given their certificates of election. (Section 23.10b and 23.19, Texas Education Code).

Mr. Y did not take the oath and did not accept a certificate of election when present at the canvass of the returns. He currently declines to qualify by taking the oath until at a time after the school board awards contracts for the 1971-72 school term, which will normally be done on May 13. His position is that by so waiting to take office and Teacher X being contracted before he qualifies as trustee, his first cousin legally may teach in the 1971-72 term.

You have submitted for our opinion the following question:

"Under the submitted facts and situation, would a school district board be in violation of the nepotism law to employ or reemploy as teacher subsequent to the April 1971 trustee election (say in mid-May), a person related in second degree by blood to a trustee then elected and who is not covered by the law's 2-year exception--where the trustee declines to qualify for the office by taking oath until after the teacher relative is contracted for ensuing year(s) by the school district?"

It is clear that under the stated facts that Article 432, Texas Penal Code, would apply to prohibit the appointment of Teacher X if Mr. Y should qualify as a member of the board before such time as a contract might be entered into with Teacher X. A contract so entered would be void and all members of the board approving the contract would be in violation of Article 432 even if Mr. Y did not participate. Attorney General's Opinions No. O-793 (1939) and No. O-3016 (1941).

We are of the opinion, however, that under a fact situation whereunder Mr. Y does not qualify for the office until after a binding contract is entered into between the other members of the Board and Teacher X, the contract would not be prohibited by Article 432, which must be strictly construed as a penalty statute.

This statement is predicated upon the execution of a binding contract by the parties as contrasted with a mere unilateral decision on the part of the Board to employ the teacher. (Article 23.28 of the Education Code provides that all 12 month contracts shall begin on July 1 and end on June 30).

Article XVI, Section 17, Constitution of Texas, provides as follows:

"All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified."

This section applies to public school trustees. Articles 432 and 433, Texas Penal Code. It is self-executing, and is mandatory. Common School District No. 1 of Yoakum County v. Hayhurst, 122 S.W.2d 322 (Tex.Civ.App. 1938, no writ).

Mr. Y, prior to taking the oath necessary to qualify, is not a member of the board, the place to which he was elected being held by his predecessor. Attorney General's Opinions No. V-760 (1949) and V-868 (1949), and cases cited therein. The trustee who holds over until his successor is duly qualified is not merely a de facto trustee, but is held to be a de jure officer under Article XVI, Section 17. Attorney General's Opinion No. 0-17 (1939), citing Cowan v. Capps, 278 S.W.283 (Tex.Civ.App. 1925, rev. on other grounds, Comm.App. 1926, 286 S.W. 161) and State v. Jordan, 28 S.W.2d 921 (Tex.Civ.App. 1930, error dism).

If Mr. Y does qualify after the Board enters into a contract with Teacher X, then a consideration of Article 435, Texas Penal Code is in order; it provides as follows:

"No officer or other person included within the third preceding article shall approve any account or draw or authorize the drawing of any warrant or order to pay any salary, fee or compensation of such ineligible officer or person, knowing him to be so ineligible."

We are of the opinion that if Mr. Y does qualify after the Board has entered into a year's contract with Teacher X, then the Board may legally order payment of her salary.

Attorney General's Opinion No. O-361 (1939), considers both Article 432 and 435, and holds that when a school superintendent married a trustee's daughter subsequent to the making of his contract of employment his contract remained valid and he could legally be paid his salary.

Attorney General's Opinion No. O-667 (1939) concluded that a teacher's contract continued valid when during the term of her contract her relative was elected to the Board of Trustees. The opinion made no mention of Article 435.

In Attorney General's Opinion No. O-6330 (1945), this office expressed the opinion that a teacher's contract was not invalidated when after her contract was made she married a relative of a board member. No mention was made of Article 435.

Attorney General's Opinion No. V-184 (1947) held that a teacher's contract remained valid when her relative was elected to the Board after her contract was made. The opinion did not mention Article 435, but the inquiry expressly raised the question of legality of salary payments. We think it a valid assumption that the publisher of each of these opinions considered payment to be legal when the contracts were held to remain valid.

On the other hand, three Attorney General's Opinions, Numbers O-1408 (1939), O-6406 (1945), and O-7516 (1946) held that a county employee legally on the county payroll could not remain on that payroll subsequent to the date that by marriage or the election of a new commissioner a relationship prohibited by Article 432 arose.

We are of the opinion, however, that these last three opinions should be distinguished on the grounds that in each case the employee appears to be hired on a month to month basis, whereby a new contract was in effect entered into each month by mutual consent. As these new contracts would postdate the date of the relationship, continued employment would be prohibited. This

Dr. J. W. Edgar, page 5                    (M-857)


prohibition would not apply to a teachers annual contract entered
into before the date that the prohibited relationship arose.

### S U M M A R Y

A school board may legally enter into an
annual contract with a teacher whose first cousin
has been elected to the Board, provided that on
the date the contract is made the trustee elect
has not taken the required oath and qualified.

The contract remains valid and the Board may
legally order payment of the teacher's salary even
though the trustee elect qualifies subsequent to
the date of the contract.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jack Sparks
James Quick
Marietta McGregor Payne
Dick Chote

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE                    -4160-
First Assistant